UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kurt Griggs-Swanson,

               Plaintiff,        Case No. 22-12897

v.                                      Judith E. Levy
                                          United States District Judge

Beaumont Hospital Farmington
Hills, Elaine A Perkins, Diane      Mag. Judge Elizabeth A.
Kaiser, and Sabah Bachir,           Stafford

               Defendants.

_____/

# ORDER SETTING DEADLINE FOR DEFENDANTS TO FILE AN ANSWER AND SETTING AN INITIAL SCHEDULE

On June 22, 2022, Plaintiff Kurt Griggs-Swanson filed this lawsuit in Oakland County Circuit Court. (ECF No. 1, PageID.2, ¶ 1.) Defendants filed a motion to dismiss. (*Id.* at ¶ 3.) The state court held a hearing on October 6, 2022 and granted the motion without prejudice. (*Id.* at ¶ 4.) Plaintiff filed an amended complaint on October 7, 2022, which included a claim under 42 U.S.C. § 1983. (*Id.* at ¶ 5; *see also* ECF No. 1-1.) Defendants renewed their motion to dismiss and asserted that the

Amended Complaint was procedurally improper as the case had been dismissed. (ECF No. 1, PageID.2, ¶ 6; *see also* ECF No. 1-2.) On November 9, 2022, the state court held a hearing, accepted Plaintiff's amended complaint, and denied Defendants' renewed motion to dismiss. (ECF No. 1, PageID.3, ¶ 7; ECF No. 1-3, PageID.75–76.)

On November 29, 2022, Defendants removed the case to the Eastern District of Michigan.[1] (ECF No. 1.) Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendants' answer was due seven days after their notice of removal was filed. However, other than a notice of appearance filed by Plaintiff's counsel on December 5, 2022, the parties took no action following removal. (*See* ECF No. 2.)

On January 25, 2023, the Court held a status conference with the parties. At the status conference, the Court discussed whether Plaintiff planned to proceed with the case, and if so, when Defendants responsive pleading would be due. Defendants requested that the deadline be March

---

[1] At the January 25, 2022 status conference, the Court indicated that it was not clear that Defendant's removal was timely under 28 U.S.C. §1446(b). However, Plaintiff did not file a motion to remand within thirty days of Defendants' notice of removal. As the removal statute is not jurisdictional, the Court need not resolve whether removal was proper in this instance. *See Music v. Arrowood Indem. Co.*, 632 F.3d 284, 287 (6th Cir. 2011) (citing *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993)).

2

15, 2023, and indicated that they intended to file a motion to dismiss in lieu of a responsive pleading.

However, for the reasons set forth below, the Court concludes that a further motion to dismiss in this case would be improper at this time. Under 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." As the Supreme Court has explained:

> Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court. In this respect two basic purposes are served. Judicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court. In addition, the statute ensures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal. Thus attachments, sequestrations, bonds, undertakings, securities, injunctions, and other orders obtained in state court all remain effective after the case is removed to federal court.

*Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 435–36 (1974). "After removal, the federal court 'takes the case up where the State court left it off.'" *Id.* at 436 (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1880)). However, "once a case has been removed to

3

federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Id.* at 438.

Consistent with these principles, the Sixth Circuit has previously affirmed a district court's refusal to reconsider a state-court decision when the defendant failed to timely move for reconsideration. *Tompkins v. Crown Corr, Inc.*, 726 F.3d 830, 843–44 (6th Cir. 2013). In *Tompkins*, the court held:

> The district court was correct to find that Northwest's motion for reconsideration of the state court order was untimely. The state court entered its judgment denying summary judgment on time-bar grounds on September 3, 2009. The case was removed to federal court on January 29, 2010. When the case was removed, all existing orders and decisions were federalized. The state court orders are thus treated as if they were the orders of the district court. Under Local Rule 7.1(h)(1) of the Eastern District of Michigan, a motion for reconsideration must be filed within fourteen days, . . . . Northwest filed its motion on December 16, 2010, more than a year after the state court disposition was entered, and over ten months after the case had been removed to federal court. Accordingly, the district court was correct to find that the motion was untimely.

726 F.3d at 843 (citation omitted).

Here, a further motion to dismiss in lieu of an answer would effectively seek reconsideration of the state-court's decision on

4

Defendants' renewed motion to dismiss the amended complaint. The Oakland County Circuit Court denied Defendants' motion to dismiss the amended complaint on November 9, 2022, and Defendants removed the case to this Court on November 29, 2022. (*See* ECF No. 1.) Under Eastern District of Michigan Local Rule 7.1(h)(2), reconsideration of non-final orders "must be filed within 14 days after entry of the order." Even assuming the deadline to file a motion for reconsideration began to run the date the case was removed to this Court, Defendants should have moved to reconsider the state-court's order no later than December 13, 2022. As Defendants failed to do so, any additional motion to dismiss would be untimely.

Accordingly, the Court ORDERS Defendants to file their answer to Plaintiff's amended complaint within **seven (7) days** of this Order.

Additionally, the Court sets the following initial schedule:

(1) Defendants may to file a motion for judgment on the pleadings pursuant to Rule 12(c) no later than **March 15, 2023**.

(2) If Defendants elect not to file a motion, the parties must file a joint Rule 26 discovery plan with the Court by **March 22, 2023**.

IT IS SO ORDERED.

Dated: February 7, 2023  　　　s/Judith E. Levy
Ann Arbor, Michigan  　　　JUDITH E. LEVY
　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2023.

　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　Case Manager