## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Kurt Griggs-Swanson,

                     Plaintiff,          Case No. 22-12897

v.

                                    Judith E. Levy
                                    United States District Judge
Beaumont Hospital Farmington
Hills, Elaine A. Perkins, Diane         Mag. Judge Elizabeth A.
Kaiser, and Sabah Bachir,            Stafford

                 Defendants.

_____/

### OPINION AND ORDER DENYING DEFENDANTS'
### MOTION FOR RECONSIDERATION [9] AND GRANTING IN
### PART DEFENDANTS' MOTION PURSUANT TO RULE 12(C) [8]

Before the Court are a motion for reconsideration (ECF No. 9) and

a motion for judgment on the pleadings[1] (ECF Nos. 8) filed by

Defendants Beaumont Hospital Farmington Hills ("Beaumont

Hospital"), Elaine A. Perkins, Dr. Diane Kaiser, and Sabah Bachir.

---

[1] While Defendants style their motion as a "MOTION TO DISMISS
PURSUANT TO RULE 12(C)" (ECF No. 8, PageID.541), a motion pursuant to
Federal Rule of Civil Procedure 12(c) is properly styled as a motion for judgment on
the pleadings.

For the reasons set forth below, the motion for reconsideration is denied and the motion for judgment on the pleadings is granted in part.

## I.   Background

### A.   Factual Background

On March 29, 2020, Plaintiff Kurt Griggs-Swanson, an African American man, was brought to Beaumont Hospital by ambulance, seeking testing and treatment for symptoms consistent with COVID-19. (ECF No. 1-1, PageID.8.) On March 31, 2020, Plaintiff was again transported to Beaumont Hospital by ambulance after his "symptoms worsened and he presented with a fever of 103°[.]" (*Id.* at PageID.9.) Plaintiff was treated in an outdoor screening tent by Dr. Kaiser, a physician at Beaumont Hospital. (*See id.*) Dr. Kaiser instructed that Plaintiff be discharged, and Plaintiff was prescribed an inhaler and an antibiotic. (*Id.*)

Because Plaintiff was brought to Beaumont Hospital by ambulance, "[h]e did not have on shoes[,] and he explained to the staff that he had no means to transport himself[,] and ask[ed] to speak with a social worker for assistance." (*Id.*) Plaintiff was told that if he did not leave immediately security would be contacted. (*Id.*) Security guards,

2

along with a "guard dog," arrived at the tent shortly thereafter. (*Id.*) The guards "forcibly grab[bed] Plaintiff and pulled him out of the tent," causing Plaintiff to fall on the concrete and hit "his head and parts of his body." (*Id.* at PageID.10.) "The security guards proceeded to grab and twist [Plaintiff's] wrist and leg . . . . Another security officer proceeded to drag Plaintiff across the cement for several feet, leaving burn marks [ ]on Plaintiff's skin." (*Id.*)

## B.  Procedural History

### i.  *State Court Proceedings*

On February 24, 2021, Plaintiff filed a complaint in Oakland County Circuit Court against Beaumont Hospital and "John Doe Employee #1", alleging negligence, negligent supervision, and assault and battery related to his March 31, 2020 emergency room visit. (ECF No. 8-1.) The state court subsequently dismissed that case with prejudice on November 21, 2022. (ECF No. 9-3.)

On June 9, 2022, Plaintiff filed this separate action in Oakland County Circuit Court against Beaumont Hospital, Dr. Kaiser, Perkins, Bachir, and Erin O'Donnell, alleging medical malpractice and negligence related to his emergency room visits on March 29, 2020 and

3

March 31, 2020. (ECF No. 8-4.) Defendants filed a motion to dismiss on July 1, 2022. (ECF No. 9-4.) At a hearing on October 5, 2022, the state court granted Defendants' motion to dismissed as "statutorily barred."[2] (ECF No. 9-5, PageID.1141.) However, the state court also stated: "[W]ith that being said, . . . if there is a cause for gross negligence, this is going to be dismissed without prejudice. If you are able to . . . , get those facts and [want to] refile under that premise . . . the Court will consider it at that time." (*Id.*)

On October 6, 2022, Plaintiff filed his amended complaint, alleging medical malpractice, gross negligence, and 42 U.S.C. § 1983 against Beaumont Hospital and Dr. Kaiser.[3] (ECF No. 1-1.) That same day, Defendants filed a proposed order for dismissal under Michigan Court Rule 2.602(B)(3) (ECF No. 9-6) and a renewed motion to dismiss. (ECF No. 9-9.) In their renewed motion to dismiss, Defendants argued that Plaintiff "improperly fil[ed] an Amended Complaint in a dismissed cause of action" and "included allegations in the Amended Complaint

---

[2] The court also noted that Plaintiff agreed to voluntarily dismiss Perkins, Bachir, and O'Donnell. (ECF No. 9-5, PageID.1141.)

[3] While Perkins, Bachir, and O'Donnell appear in the caption of the amended complaint, they are not named as Defendants. (*See* ECF No. 1-1, PageID.7.)

for medical malpractice which the court had already determined were barred by immunity." (*See* ECF No. 9-9, PageID.1176.) Plaintiff filed an objection to Defendants' proposed order on October 13, 2022. (ECF No. 9-8.) The state court held a hearing, and on November 14, 2022, entered an order denying Defendants' renewed motion to dismiss and accepting the amended complaint. (*See* ECF No. 1-3.)

## ii. *Federal Court Proceedings*

On November 29, 2022, Defendants removed this case from the Oakland County Circuit Court to the Eastern District of Michigan. (ECF No. 1.) However, Defendants took no action following removal. On January 19, 2023, the Court scheduled a status conference with the parties, which was held on January 25, 2023. (*See* ECF No. 3.) Following the status conference and after reviewing the record, the Court entered an order on February 7, 2023, in which it explained:

> Here, a further motion to dismiss in lieu of an answer would effectively seek reconsideration of the state-court's decision on Defendants' renewed motion to dismiss the amended complaint. The Oakland County Circuit Court denied Defendants' motion to dismiss the amended complaint on November 9, 2022, and Defendants removed the case to this Court on November 29, 2022. (See ECF No. 1.) Under Eastern District of Michigan Local Rule 7.1(h)(2), reconsideration of non-final orders "must be filed within 14

5

days after entry of the order." Even assuming the deadline to file a motion for reconsideration began to run the date the case was removed to this Court, Defendants should have moved to reconsider the state-court's order no later than December 13, 2022. As Defendants failed to do so, any additional motion to dismiss would be untimely.

(ECF No. 4, PageID.87–88.) The Court ordered Defendants to file an answer to the amended complaint within seven days. (*Id.* at PageID.88.) Additionally, the Court's February 7, 2023 order stated: "Defendants may . . . file a motion for judgment on the pleadings pursuant to Rule 12(c) no later than March 15, 2023." (*Id.* (emphasis omitted).)

On February 9, 2023, Defendants filed an answer. (ECF No. 5.) On March 15, 2023, Defendants filed a motion to dismiss. (ECF No. 7.) The motion indicated it was made pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (*See id.* at PageID.119, 133–135, 146.) That same day, the Court issued the following text-only order:

> The Court STRIKES Defendants['] motion to dismiss or for summary judgment (ECF No. 7) for failure to comply with Eastern District of Michigan Local Rule 7.1(a). Additionally, Defendants['] motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6) is untimely for the reasons stated in the Court[']s February 7, 2023 Order. (ECF No. 4.)

6

> Defendants may file a conforming motion for judgment on
> the pleadings and/or a motion for summary judgment by
> March 21, 2023. Otherwise, the parties must file a joint Rule
> 26 discovery plan with the Court by March 28, 2023.[4]

(ECF No. 9-2.) On March 20, 2023, Defendants filed a motion pursuant

to Rule 12(c) (ECF No. 8) and a motion for reconsideration of the Court's

March 15, 2023 order. (ECF No. 9.) Plaintiff filed a response to

Defendants' motion pursuant to Rule 12(c) (ECF Nos. 11, 12), and

Defendants replied. (ECF No. 13.)

## II.   Motion for Reconsideration

The Court turns first to Defendants' motion for reconsideration of

the Court's March 15, 2023 order. Motions for reconsideration are

governed by Eastern District of Michigan Local Rule 7.1(h)(2). That rule

provides:

> **Non-Final Orders.** Motions for reconsideration of non-final
> orders are disfavored. They must be filed within 14 days
> after entry of the order and may be brought only upon the
> following grounds:

---

[4] Following the entry of this order, the Court's case manager received
numerous *ex-parte* voicemails and emails from Defendants' counsel attempting to
argue the merits of the Court's decision. These communications were provided to
Plaintiff's counsel, and the Court instructed Defendants' counsel that the
appropriate vehicle to challenge a decision of the Court was a timely motion for
reconsideration.

> (A)   The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B)   An intervening change in controlling law warrants a different outcome; or
>
> (C)   New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2) (emphasis in original).[5] A movant may not use a motion for reconsideration to raise new legal arguments that could have been raised before the prior decision was issued. *See Bowles v. Macomb Cmty. Coll.*, No. 20-13175, 2022 WL 1469515, at *1 (E.D. Mich. May 10, 2022); *see also Direct Constr. Servs., LLC v. City of Detroit*, 820 F. App'x 417, 428 (6th Cir. 2020).

As an initial matter, Defendants motion repeatedly misstates this Court's prior orders. Defendants contend that "[t]he court further ordered that any Rule 12 Motion should be submitted by March 15, 2023." (ECF No. 9, PageID.970.) But the Court's February 7, 2023 order expressly stated: "Defendants may . . . file ***a motion for judgment on***

---

[5] Defendants' motion cites to an older version of Local Rule 7.1(h) based on whether the court made a "palpable defect." (*See* ECF No. 9 PageID.970–971.) However, Local Rule 7.1(h) was amended effective December 1, 2021.

***the pleadings pursuant to Rule 12(c)*** no later than March 15, 2023."
(ECF No. 4, PageID.88 (emphasis added).) Defendants also asserts: "To
the extent that the court's 3/15/23 Order is intended to prevent
Defendants from requesting relief under [Rule 56], it is Defendants[']
position that this is a palpable defect." (ECF No. 9, PageID.974.)
However, the Court's March 15, 2023 order clearly stated: "Defendants
may file a conforming motion for judgment on the pleadings ***and/or a
motion for summary judgment*** by March 21, 2023." (ECF No. 9-2,
PageID.1010 (emphasis added).)

At its core, Defendants' motion seeks reconsideration of the
Court's February 7, 2023 order. In their motion, Defendants state:

> It appears, although is not entirely clear, that the court's
> rejection of the Motion was based on the particular Rule 12
> subrule under which Defendant[s'] proceeded, namely Rule
> 12(b)(6), as well as the request for relief under Rule 56. If
> true, this does not justify striking Defendants['] Motion.
>
> Defendant[s] recognize[ ] that Rule 12(b)(6) provides that a
> Motion claiming failure to state a claim should be filed
> before responsive pleadings. Defendant[s] would have done
> so but for the Order from this court requiring that
> responsive pleadings be filed and prohibiting Defendants
> from filing a Motion to Dismiss as their first responsive
> pleading. The court's position on this appears to be
> mistakenly based on the belief that the 12(b)(6) Motion is

9

effectively a Motion for Reconsideration of a state court decision regarding the viability of Plaintiff's Complaint. This assessment, if accurate, does not take into account that the Motion to Dismiss this complaint at the state court level was not at all substantive. . . . Accordingly, whether or not Plaintiff's Complaint fails to properly state a claim is still very ripe for determination and the only reason that a Motion on these grounds was not filed before responsive pleadings is because this court ordered otherwise.

(ECF No. 9, PageID.971–972.) This precise issue—whether Defendants should be permitted to file an additional motion to dismiss the amended complaint—was directly addressed in the Court's February 7, 2023 order. (ECF No. 4, PageID.86–88.) The Court found that any such motion would be untimely and ordered Plaintiff to file an answer within seven days.[6] (*Id.* at PageID.88.) Any motion for reconsideration of that order was due February 21, 2023. E.D. Mich. LR 7.1(h)(2). As such, Defendants' March 20, 2023 motion amounts to an untimely attempt to

_____

[6] Even if Defendants are correct and a further motion to dismiss the amended complaint would not have constituted a request for reconsideration of the state court's order, Defendants were required to "answer or present other defenses or objections" seven days after their notice of removal was filed. *See* Fed. R. Civ. P. 81(c)(2)(C). Defendants removed this case on November 29, 2022 but failed to take any action by December 6, 2022. Thus, any further motion to dismiss would also be untimely on that basis.

seek reconsideration of the Court's February 7, 2023 order. Accordingly, Defendants' motion for reconsideration is denied.[7]

## III.  Motion for Judgment on the Pleadings

### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is assessed "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (citations omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

---

[7] In response to the Court's order that Defendants must comply with Local Rule 7.1(a), Defendants' counsel states: "Notably, concurrence has since been sought at [sic], unsurprisingly given the Plaintiff's unwillingness to voluntarily dismiss their case, it has not been provided." (ECF No. 9, PageID.970 (emphasis omitted).) The Eastern District of Michigan's Local Rules are not waivable at counsel's discretion. This Court will continue to enforce the Local Rules as written.

479 F.2d 478, 480 (6th Cir. 1973)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, a district court is not required to convert the motion to a motion for summary judgment if the documents attached to the motion are public records or if they are referred to in the complaint and central to the claims contained therein. *See Clark v. Stone*, 998 F.3d 287, 296–97 (6th Cir. 2021).

Here, Defendants attach seventeen exhibits to their motion for judgment on the pleadings. Plaintiff provides four exhibits in support of his response. However, the Court declines to convert the motion to one for summary judgment and will exclude the exhibits that are not public records or attached to Plaintiff's amended complaint. (ECF Nos. 8-3, 8-9, 8-10, 8-11, 8-12, 8-13, 8-14, 8-15, 12-1, 12-2, 12-3, 12-4.)

## B.   Analysis

### i.   *Plaintiff's Claim Under 42 U.S.C. § 1983*

In Count III of the amended complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983. (ECF No. 1-1, PageID.18.) Defendants contend that Plaintiff's § 1983 claim is not viable because Beaumont Hospital and Dr. Kaiser are not state actors. (*See* ECF No. 8, PageID.543, 558–561.) The Court agrees.

"To succeed on a claim under § 1983, [a plaintiff] must prove that [he] was deprived of a right 'secured by the Constitution or laws of the United States' and that such deprivation was 'caused by a person acting under color of state law.'" *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (quoting *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). "To show that a private defendant . . . was acting under color of state law, [the plaintiff] must show that the private actor's conduct causing the deprivation was 'fairly attributable to the State.'" *Id.* at 1180–81 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The Sixth Circuit "has recognized as many as four tests to aid courts in determining whether challenged conduct is fairly attributable to the State: (1) the public function test; (2) the state

13

compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test." *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014). The burden is on the plaintiff to demonstrate that the defendants are state actors. *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 757 (6th Cir. 2023) (citations omitted).

The parties appear to analyze Plaintiff's allegations against Beaumont Hospital and Dr. Kaiser under the symbiotic relationship or nexus test. (*See* ECF No. 8, PageID.558–561; ECF No. 11, PageID.1238–1242.) "Under the nexus test, there must be a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Inner City Contracting*, 87 F.4th at 757 (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). The plaintiff must show that "the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983." *Wolotsky*, 960 F.2d at 1335 (citation omitted). As relevant here, "state regulation, even when extensive, is not sufficient to justify a finding of a close nexus between the state and the regulated entity." *Lansing v. City of Memphis*, 202 F.3d 821, 830 (6th Cir. 2000) (citations

omitted); *see also Thomas v. Nationwide Child.'s Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018) ("[T]he frequent reality that the State regulates private entities or cooperates with them does not transform private behavior into state behavior.").

Here, Plaintiff's amended complaint alleges solely that "Defendants Beaumont and Kaiser at all times relevant to this action were acting under color of state law, as Defendant Hospital is a highly regulated entity licensed to do business in the State of Michigan." (ECF No. 1-1, PageID.18, ¶ 70.) However, as Defendants correctly point out (*see* ECF No. 8, PageID.558–559), the Sixth Circuit has expressly held that "the mere fact that a hospital is licensed by the state is insufficient to transform it into a state actor for purposes of section 1983." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (citations omitted); *see also Thomas*, 882 F.3d at 613 (holding that a duty under state law to report suspected child abuse did not transform the defendant hospital or its doctors state actors); *Crowder v. Conlan*, 740 F.2d 447, 451 (6th Cir. 1984) (finding no state action where the defendants' actions were based on "medical judgments made by private parties according to professional standards").

In his response to Defendants' motion, Plaintiff argues that the unique nature of the COVID-19 pandemic, and the extensive orders, decrees, and regulations issued by the Michigan government, transformed Beaumont Hospital and its employees into state actors. (ECF No. 11, PageID.1241–1242.) He explains that COVID-19

> required something beyond a standard regulation or funding of private entities. It required direct influence on the mode, manner, and process of day-to-day operation of the Defendant hospital. It was from this framework, which the state instituted itself into the operational level of Defendant hospital, that Plaintiff was denied care based upon his high-risk status associated with his racial demographic. Defendants' operation within the COVID-19 framework set forth by the state of Michigan forms the connection between the hospital and the State.

(*Id.* at PageID.1241.) But none of these assertions are supported by allegations in Plaintiff's amended complaint. Moreover, Plaintiff fails to point to any specific policies from the State of Michigan that directed Beaumont Hospital and Dr. Kaiser to refuse to treat Plaintiff based on his race. As such, Plaintiff has not demonstrated that Defendants were acting under color of state law and therefore cannot prevail on his § 1983 claim. Accordingly, the Court grants Defendants' motion for judgment on the pleadings with respect to Count III.

16

*ii.   Plaintiff's   Medical   Malpractice   and   Gross Negligence Claims*

The amended complaint also asserts claims for medical malpractice (Count I) and gross negligence (Count II), which appear to be made under Michigan law. (*See* ECF No. 1-1, PageID.13–17.) In their notice of removal, Defendants contend that the Court has supplemental jurisdiction over Counts I and II pursuant to 42 U.S.C. §1367(a). (*See* ECF No. 1, PageID.3.)

"[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Burnett v. Griffith*, 33 F.4th 907, 915 (6th Cir. 2022) (alteration in original) (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)). "In determining whether to exercise supplemental jurisdiction, federal courts balance the values of judicial economy, convenience to parties, fairness, and comity to state courts." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011) (citations omitted). The Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of

17

multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Id.* (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996)).

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. As Defendants note, this dispute has been the subject of multiple lawsuits and extensive litigation in Oakland County Circuit Court, including at least three decisions by judges of that court related to the remaining claims. (*See* ECF No. 9, PageID.968–969, *see also* ECF Nos. 1-3, 9-3, 9-5.) Thus, principles of comity and judicial economy strongly weigh against the Court retaining jurisdiction over these claims. Accordingly, the Court remands Counts I and II to Oakland County Circuit Court.

## IV.   Conclusion

For the reasons set forth above, the Court DENIES Defendants' motion for reconsideration (ECF No. 9) and GRANTS IN PART Defendants' motion for judgment on the pleadings pursuant to Rule 12(c). (ECF No. 8.)

Count III of Plaintiff's amended complaint (ECF No. 1-1, PageID.18) is DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over Counts I and II and REMANDS those claims to Oakland County Circuit Court.

IT IS SO ORDERED.

Dated: February 21, 2024                    s/Judith E. Levy
Ann Arbor, Michigan                         JUDITH E. LEVY
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 21, 2024.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager